UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Heather Williams,                                   Case No. 3:18-cv-1706

    Plaintiff

    v.                                              MEMORANDUM OPINION
                                                    AND ORDER

Commissioner of Social Security,

    Defendant

## I.    INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Thomas M. Parker. (Doc. No. 23). Judge Parker recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Heather Williams's applications for Disability Insurance Benefits and Supplemental Security Income. (*Id.*). Williams filed objections the R & R, (Doc. No. 24), and the Commissioner filed a response, (Doc. No. 25).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Williams, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 23 at 1-7).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrate Judges Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

When reviewing those non-general objections, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

Williams objects to the propriety of the ALJ's appointment under the Appointments Clause. Judge Parker concluded Williams forfeited this challenge by not first exhausting it at the administrative level. Further, Judge Parker found the failure to exhaust was not excused by futility. Williams disputes both of these findings.

With respect to the exhaustion requirement, Williams essentially argues Judge Parker erred in applying the prevailing law of trial courts within the Sixth Circuit rather than that of the district court in *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019), which held administrative exhaustion was not mandated. But I, like my colleagues who have encountered this argument

2

before,[1] decline to apply the reasoning of *Bizarre* and instead follow "the unanimous decisions of district courts within our Circuit, and the overwhelming majority of the courts that have considered this question [and] held that a 'timely challenge' of an ALJ's authority must occur at the administrative level." *Smith v. Saul*, No. 1:17-cv-01236, 2019 WL 4131740 (W.D. Tenn. Aug. 28, 2019) (citing cases).

Concluding Williams was required to "timely" challenge the ALJ's authority at the administrative level, I turn now to whether her failure to exhaust may be excused by futility. Williams argues that a challenge at the time would have been futile since an emergency memorandum issued by the Social Security Administration advised that, should a claimant bring an Appointments Clause challenge before the ALJ, the ALJ was to state the following:

> The claimant[/representative] also raised a challenge to the manner in which I was appointed as an administrative law judge under the Appointments Clause to the Constitution. I do not have the authority to rule on that challenge and do not address it further in this decision[/dismissal].

(Doc. No. 18-1). Williams also contends that there was no adequate remedy available to resolve such a challenge. I disagree.

As stated by Judge Parker,

> This argument has also already been considered by district courts in the Sixth Circuit. *See e.g. Flack v. Comm'r of Soc. Sec.*, No. 18-501, 2018 U.S. Dist. LEXIS 195834,

---

[1] *See, e.g.*, *Fisher v. Comm'r of Soc. Sec.*, No. 3:18CV1708, 2019 WL 4233463 (N.D. Ohio Sept. 6, 2019) (Carr, J.) (overruling this objection and incorporating the Report & Recommendation of Magistrate Judge Kathleen B. Burke, rejecting the same argument); *Gosset v. Comm'r of Soc. Sec.*, No. 2:18-cv-999, 2019 WL 2514854 (S.D. Ohio June 18, 2019) (Smith, J.) (overruling this objection and adopting the Report & Recommendation, 2019 WL 2105875 (S.D. Ohio May 14, 2019) (Vascura, M.J.)); *Gilbert v. Comm'r of Soc. Sec.*, 391 F. Supp. 3d 745 (N.D. Ohio 2019) (Carr, J.) (overruling this objection and incorporating the Report & Recommendation of Magistrate Judge George J. Limbert, rejecting the same argument); *Hodges v. Comm'r of Soc. Sec.*, No. 1:18-cv-394, 2019 WL 1330847 (S.D. Ohio Mar. 25, 2019) (Bowman, M.J.) (Report & Recommendation); *Flack v. Comm'r of Soc. Sec.*, No. 2:18-CV-00501, 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019) (Marbley, J.) (overruling this objection and adopting the Report & Recommendation, 2018 WL 6011147 (S.D. Ohio Nov. 16, 2018) (Jolson, M.J.)); *Cummins v. Comm'r of Soc. Sec.*, No. 3:18CV1892, 2019 WL 2465300 (N.D. Ohio Mar. 18, 2019) (Baughman, M.J.) (Report & Recommendation); *Willis v. Comm'r of Soc. Sec.*, No. 1:18-cv-158, 2018 WL 6381066 (S.D. Ohio Dec. 6, 2018) (Litkovitz, M.J.) (Report & Recommendation).

3

at *4 (S.D. Ohio Nov. 16, 2018). In *Fortin v. Comm'r of Soc. Sec.,* 2019 U.S. Dist. LEXIS 53920 at *17-18, (E.D. Mich. March 29, 2019), the court determined that, even if it were futile, the claimant was required to raise the issue at the administrative level. The court applied the Supreme Court's reasoning in *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S. Ct. 67, 97 L. Ed. 54 (1952) as follows:

> It is urged in this case that the Commission had a predetermined policy on this subject which would have required it to overrule the objection if made. While this may well be true, the Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence. Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

*Id.,* (footnote omitted.) The court also noted that in *Jones Brothers, Incorporated v. Secretary of Labor,* 898 F.3d 669 (6th Cir. 2018), decided shortly after *Lucia,* the Sixth Circuit held that "administrative agencies may [not] look the other way when it comes to as-applied constitutional challenges and constitutional-avoidance arguments." *Id.* at 674. The court found no exception to the general rule that "[a]dministrative exhaustion is thus typically required so long as there is 'the possibility of some relief for the action complained of,' even if it is not the petitioner's preferred remedy." *Id.* at 676.

      Moreover, fairness and judicial economy weigh in favor of requiring claimants to raise Appointments Clause challenges at the administrative level. Otherwise, they could use this type of challenge to unfairly obtain a second administrative review of their claim if they don't like the ALJ's decision. "Regularly permitting unsuccessful claimants to raise Appointments Clause challenges for the first time on judicial review, especially when the arguments underlying those challenges were available at the administrative level, would 'encourage the practice of "sandbagging": suggesting or permitting, for strategic reasons, that the [adjudicative entity] pursue a certain course, and later – if the outcome is unfavorable – claiming that the course followed was reversible error.'" *Abbington v. Berryhill*, No. 17-00552, 2018 U.S. Dist. LEXIS 210000, at *7 (S.D. Ala. Dec. 13, 2018) (quoting *Ryder v. United States*, 515 U.S. 177, 182-183, 115 S. Ct. 20131, 132 L.Ed.2d 136 (1995). (quoting *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 895, 111 S. Ct. 2631, 115 L.Ed.2d 764 (1991), (Scalia, J., concurring in part and concurring in the judgment)). Williams should not be permitted to raise an Appointments Clause challenge for the first time on judicial review because she did not assert any objection to the ALJ's authority until after she received an unfavorable decision.

(Doc. No. 23 at 13-14). I agree with Judge Parker's thorough and well-reasoned analysis. *See also*

*Gilbert*, 391 F. Supp. 3d at 749-51 (Carr, J.) (reaching the same conclusion after conducting a similar

analysis). Regardless of whether Williams subjectively believed exhaustion would be futile,[2] Williams was required to timely raise any Appointments Clause challenge before the ALJ. Had Williams done so, she may have helped "spark[ ]" the eventual "change of policy," allowing for review of these challenges. *See Gilbert*, 391 F. Supp. 3d at 750-51 (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)). As it stands, Williams's failure to exhaust is not excused by futility.

## V. CONCLUSION

For the foregoing reasons, I overrule Williams's objections and adopt Judge Parker's R & R, in full.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

---

[2] As an aside, I will note that the emergency memorandum in question was not issued until January 30, 2018. (Doc. No. 18-1). Williams's hearing was held on June 6, 2017, and the ALJ decision was issued on November 22, 2017. (Doc. No. 17 at 12-29, 39-66).